1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 ### EASTERN DISTRICT OF CALIFORNIA

10

11 | LARRY CHARLES MITCHELL, | Case No. 1:19-cv-00012-BAM (PC) |
| | |
12 | Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
13 | v. | |
| | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
14 | MIMMS, et al., | |
15 | Defendants. | **FOURTEEN (14) DAY DEADLINE** |
16

17 **I.  Background**

18    Plaintiff Larry Charles Mitchell ("Plaintiff") is a county jail inmate proceeding pro se in

19 this civil rights action under 42 U.S.C. § 1983.  On January 3, 2019, Plaintiff filed a complaint,

20 together with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1,

21 2.)  The same date, the Court issued prisoner new case documents and an order regarding

22 Plaintiff's consent to the jurisdiction of a Magistrate Judge or request for reassignment to a

23 District Judge.  (ECF No. 3.)

24    As Plaintiff's application to proceed in forma pauperis was incomplete, on January 7,

25 2019, the Court issued an order for Plaintiff to file a completed application to proceed in forma

26 pauperis, including a certified copy of Plaintiff's trust account statement, or to pay the $400.00

27 filing fee for this action, within forty-five (45) days.  (ECF No. 4.)  On February 12, 2019, after

28 receiving no communication from Plaintiff, the Court issued a second order regarding Plaintiff's

consent or request for reassignment. (ECF No. 5.)

The Court's second order regarding Plaintiff's consent or request for reassignment was returned on February 25, 2019 as "Undeliverable, Attempted, Not Known, Unable to Forward." Plaintiff has not filed a completed application to proceed in forma pauperis, a completed consent or request for reassignment, or a notice of change of address, and he has not otherwise communicated with the Court.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to Local Rule 183(b), Plaintiff's address change was due no later than April 29, 2019. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Given Plaintiff's failure to respond to this Court's orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Id. at 1228–29; Carey, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III. Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 9, 2019**__        ___/s/ Barbara A. McAuliffe___
                                UNITED STATES MAGISTRATE JUDGE